UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTEBAN ROSADO, on behalf of
himself and others similarly situated

    Plaintiff,

v.                                        Case No: 2:17-cv-43-FtM-99CM

DIRECT HEATING & COOLING,
INC. and MITZIE FOX-LERNER,

    Defendants.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Notice of Filing Amended Settlement Agreement (Doc. 13) filed on April 13, 2017. On February 27, 2017, the parties filed the Joint Motion for Approval of Settlement, seeking the Court's review of the parties' settlement agreement (Doc. 11-1). Doc. 11. The Court denied without prejudice their joint motion because their settlement agreement contained Plaintiff's general release of claims. Doc. 12 at 4. The Court directed the parties to file an amended settlement agreement that complies with the Court's Order. *Id.* Accordingly, Plaintiff filed the Notice along with a copy of the amended settlement agreement for the Court's review. Doc. 13-1. For the reasons set forth

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Esteban Rosado brought this action on behalf of himself and other similarly situated former employees against Defendants Direct Heating & Cooling, Inc. ("Direct Heating") and Mitzie Fox-Lerner ("Fox-Lerner") (collectively, "Defendants"), for recovery of overtime compensation under the FLSA. Doc. 1 at 5-6. Direct Heating is a corporation engaged in business in Florida. *Id.* ¶ 4. Fox-Lerner managed and operated Direct Heating and exercised the authority to hire and fire Direct Heating's employees and determine the employees' work schedules. *Id.* ¶¶ 6-8.

The Complaint alleges that Defendants hired Plaintiff as an hourly-paid employee to work in service and installation of heating and cooling products from February 2014 to September 2016. *Id.* ¶ 21. Plaintiff alleges that although he worked in excess of forty (40) hours within a work week at various times, he was not paid any overtime premium for overtime hours worked. *Id.* ¶¶ 22-23.

In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling three thousand four hundred dollars ($3,400.00). Doc. 13-1 ¶ 2. The settlement provides that one thousand dollars ($1,000.00) be paid to and a Form 1099 issued to Plaintiff in consideration of his underlying claims for back wages and liquidated damages. *Id.* ¶ 2(a). Defendants also will pay to Plaintiff's counsel the sum of two thousand four hundred dollars ($2,400.00) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiff. Docs. 11 at 2; 13-1 ¶ 2(b).

The parties represent that they thoroughly discussed the settlement agreement with their attorneys, fully understand all of the provisions contained in the settlement agreement, and have voluntarily entered into the agreement. Doc. 13-1 ¶ 8. The parties also state that they prefer to avoid the uncertainties and expense of litigation. *Id.* at 1. Furthermore, Plaintiff believes that the settlement agreement is a fair and reasonable settlement of the work he performed for Defendants. Doc. 11 at 2. Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 11 at 2. As noted, as part of the settlement, Defendants agree to pay Plaintiff's

attorney's fees and costs in the amount of $2,400.00.   Doc. 13-1 ¶ 2(b).   The parties assert that the amount of attorney's fees was negotiated separately from Plaintiff's recovery.   Doc. 11 at 2.

The Court further notes that the prior settlement agreement contained a general release of claims and a mutual non-disparagement clause.   Doc. 11-1 at 2. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."   *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).   Here, the parties removed the provision regarding Plaintiff's general release of claims from the settlement agreement.   Doc. 13-1.

With regard to a non-disparagement clause, the Court noted in its previous Order that "[p]rovisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013).   This Court as well as other courts within this district, however, have approved a non-disparagement clause if it is mutual. *Colacitti v. Alberto's Rest., LLC*, No. 2:16-cv-232-FtM-99CM, 2016 WL 4942053, at *4 (M.D. Fla. Sept. 2, 2016), *adopted by* 2016 WL 4920134 (M.D. Fla. Sept. 15, 2016); *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-Orl-28TBS, 2013 WL

3153974, at *3 (M.D. Fla. June 19, 2013) (finding that a mutual non-disparagement clause confers a benefit upon the plaintiff). Here, the parties' non-disparagement clause is mutual. Doc. 13-1 ¶ 6. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Settlement Agreement (Doc. 13-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record